<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHONNETTE CAREY-LAYLOR,<br><br>                Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>                Defendants. | Civil Action No. 21-16953(SDW)(MAH)<br><br>**OPINION**<br><br>May 6, 2022 |

**WIGENTON**, District Judge.

      Before this Court is Defendant Equifax Information Services' ("Defendant") Motion to Dismiss Plaintiff Shonnette Carey-Laylor's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Venue is proper under 28 U.S.C. § 1391(b). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motion to Dismiss is **DENIED**.

    **I.**    **BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"). (D.E. 1 ¶ 3.) Per the FCRA, Defendants Equifax Information Services ("Equifax") and Trans Union, LLC ("Trans Union") are "consumer reporting agenc[ies]" (collectively "credit bureaus") that report information about consumers' creditworthiness to prospective creditors ("credit reports"). (*Id.* ¶¶ 4, 5, 19.) Corporate creditor Defendant VW Credit, Inc. ("VW Credit") is, according to the FCRA, a "furnisher" of credit information. (*Id.* ¶ 6.)

1

At some point prior to May 24, 2021, Plaintiff incurred an auto loan with VW Credit ("VW loan"). (*Id.* ¶¶ 12, 20.) Plaintiff paid off and closed the account, which thereafter had a "$0 balance." (*Id.* ¶ 13.) The credit bureaus thereafter "reported that the Pay Status of the account was '30-59 Days Past Due.'" (*Id.* ¶ 13.) Sometime after closing the account, Defendant reported the VW loan as closed with a $0 balance, but also reported the account as having a past due status. (*Id.* ¶ 13.) On May 24, 2021, Plaintiff submitted a written dispute to the credit bureaus' FCRA compliance departments and alleged that the delinquent Pay Status was inaccurate because the account was not currently delinquent; rather, the account had been paid and closed. (*Id.* ¶ 20.) The credit bureaus notified VW Credit about Plaintiff's dispute, but as of July 25, 2021, the credit bureaus had not changed the Pay Status on the account. (*Id.* ¶¶ 21, 23.)

On September 14, 2021, Plaintiff filed suit in this Court against VW Credit, Equifax, and Trans Union for violations of the FCRA, U.S.C. § 1681, *et seq.*[1] (D.E. 1–3.) In the Complaint, Plaintiff contends that Defendant failed in its "obligations to conduct a reasonable investigation, mark the account as disputed, and correct the misleading reporting." (*Id.* ¶¶ 22, 23.) Plaintiff further alleges that because her account has been paid and closed, it cannot also appear as delinquent in the Pay Status field, and that by listing it as such, Defendant has failed to conduct a reasonable investigation. (*Id.* ¶ 24.) Additionally, Plaintiff asserts that Defendant continues to report "an active delinquency" for the VW loan, which has lowered her credit score and placed her in a lower credit tier, that "creditors and prospective creditors [have been] misled as a result of [the] lower credit score," and that a prospective creditor denied Plaintiff credit due to the lower

---

[1] On January 24, 2022, Plaintiff and VW Credit stipulated to dismissal with prejudice of Plaintiff's claims against VW Credit. (*See* D.E. 27.) On February 28, 2022, Plaintiff filed a Notice of Settlement with TransUnion in which Plaintiff requested a stay while the parties finalize a settlement. (*See* D.E. 29.) Therefore, this Court addresses only Plaintiff's claims against Equifax (hereafter "Defendant").

2

credit score. (*Id.* ¶¶ 16, 17, 18, 19, 25, 26.) Furthermore, Plaintiff contends that she has "been forced to deal with the aggravation and humiliation of a poor credit score." (*Id.* ¶ 27.)

On November 1, 2021, Defendant moved under Rule 12(b)(6) to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted, and the parties subsequently completed timely briefing.[2] (*See generally* D.E. 16, 24.) Defendant argues that Plaintiff has not shown an inaccuracy in the credit reporting, courts have rejected similar claims, and "reporting a historical pay status on a closed account with a $0 balance is not inaccurate or misleading." (D.E. 16-1 at 7, 10–17.)

Plaintiff counters that under these particular circumstances, the interpretation of "Pay Status" as reflecting a historical delinquency—as opposed to a current delinquency—is a factual issue for a jury to decide, a jury may find that the term is misleading, and if taking the allegations as true and giving Plaintiff the benefit of favorable inference, the "factual allegations plausibly establish that [Defendant] reported inaccurate information." (D.E. 24 at 7, 11–15.) Plaintiff further argues that because she paid the balance to zero and did not default on the debt prior to account closure, her claim is distinguishable from FCRA claims in which the plaintiffs' accounts were in default when the accounts were sold and transferred to other creditors. (*Id.* at 8, 15–18.) Plaintiff also asserts that the "Reinvestigation Report" excerpt that Defendant attached to its brief should not be considered by the Court because it does not represent the consumer report at issue, and because it is being used solely as a defense to the allegations in the complaint. (*Id.* at 19–23.) Plaintiff additionally contends that the Complaint adequately pleads actual damages and alleges

---

[2] Defendant notes on the Notice of Motion and in the Introduction to its Memorandum of Law that it is pursuing dismissal based on Rule 12(b)(6) or 12(c). (*See* D.E. 16 at 1, 16-1 at 6.) However, Defendant has neglected to set forth the legal standard for—or any argument concerning—Rule 12(c). Accordingly, his Court decides this Motion solely on the basis of Rule 12(b)(6) and declines to analyze the Motion under Rule 12(c).

3

willful conduct by Defendant.  (*Id.* at 23–25.)  In the alternative, Plaintiff requests an opportunity to amend the Complaint.  (*Id.* at 25–29.)

## II.     LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (confirming that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief" (quoting *Twombly*, 550 U.S. at 555 n.3)).

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombley*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–12 (3d Cir. 2009) (discussing the *Iqbal* standard).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679 (citation omitted).  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,"

4

the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III.    DISCUSSION

In examining Defendant's motion, this Court considers only the Complaint as it was presented by Plaintiff.  The Court does not consider Exhibit A to Defendant's brief, an excerpt of a Reinvestigation Report that was not a part of the Complaint, which has not been verified as an accurate representation of the consumer credit report Plaintiff references in the Complaint and is not properly before this Court.  "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). While "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *id.*, here, Plaintiff disputes that her claims are based on the document provided by Defendant, and further contends that it is not a consumer credit report and does not accurately reflect information germane to Plaintiff's Complaint.  (*See* D.E. 24 at 19–23.)  "[A] motion to dismiss is intended only to test the sufficiency of the complaint's allegations.  Evidentiary battles are reserved for summary judgment or for trial."  *Hill v. Corinthian Condo. Ass'n, Inc.*, No. 20-2242, 2021 WL 1124782, at *4 (E.D. Pa. March 24, 2021) (quoting *Stine v. Pa. State Police*, No. 1:09-CV-00944, 2011 WL 2066529, at *6 (M.D. Pa. Apr. 19, 2011), *report and recommendation adopted*, 2011 WL 2039574 (M.D. Pa. May 25, 2011)).  Accordingly, this Court declines to consider Defendant's Exhibit A in rendering a decision on this Motion.

The analysis of the plausibility of Plaintiff's claim requires a brief discussion of the FCRA. "The . . . FCRA . . . was crafted to protect consumers from the transmission of inaccurate

5

information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). "Under [the] FCRA, [credit or consumer reporting agencies or 'CRAs'] collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 861 (3d Cir. 2014). As such, the FCRA "imposes a variety of obligations on both furnishers and CRAs." *Id.*; *see also* 15 U.S.C. § 1681s-2(b)(1)(A)-(D). In relevant part, the statute requires that a furnisher notified of a dispute conduct an investigation and, "if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the [furnisher] furnished the information . . . ." 15 U.S.C. § 1681s-2(b)(1)(D).

To state a claim under § 1681s-2(b), a pleading must demonstrate that "(1) [the plaintiff] sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Cheadle v. Experian*, Civ. No. 20-18183, 2021 WL 3144843, at *3 (D.N.J. July 26, 2021) (quoting *Gittens v. Sterling Jewelers Inc.*, No. 15-5872, 2016 WL 828098, at *2 (D.N.J. Feb. 29, 2016)); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011); *Ruff v. America's Serv. Co.,* No. 07-489, 2008 WL 1830182, at *4 (W.D. Pa. Apr. 23, 2008). Information is inaccurate under the statute if it is factually incorrect or if it is "technically correct" but "through omission, . . . 'create[s] a materially misleading impression.'" *Seamans*, 744 F.3d at 865 (alteration in original) (quoting *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008)); *cf. Bibbs v. Trans Union*

6

*LLC*, 521 F.Supp.3d 569, 574 (E.D. Pa. Feb. 23, 2021).  "[I]n assessing the information in a consumer's credit report, a court must view the information 'through the lens of a person in a position to make an adverse decision based on a credit report, i.e., a creditor.'"  *Walker v. Trans Union LLC*, No. 20-5235, 2021 WL 5866876, at *4 (E.D. Pa. Dec. 10, 2021) (quoting *Bibbs*, 521 F. Supp. 3d at 574; *Gibbs v. Trans Union LLC*, No. 21-667, 2021 WL 4439546, at *2 (E.D. Pa. Sept. 28, 2021); *Smith v. Trans Union LLC*, No. 20-4903, 2021 WL 1061213, at *2 (E.D. Pa. Mar. 19, 2021)).

Here, Plaintiff has adequately pleaded facts to establish the three elements required to state a claim under § 1681s-2(b).  Plaintiff's Complaint alleges that, as required by the FCRA, she sent notice of the disputed information to Defendant and Defendant then notified the creditor, but Defendant failed to reasonably investigate because a reasonable investigation would find that the Pay Status field inaccurately reflects the current status of the account, and that inaccurate reporting damaged her credit and caused a creditor to deny her credit. (D.E. 1 ¶¶ 20, 21, 23–26.)  Defendant does not dispute that Plaintiff's claim adequately pleads that Plaintiff complied with the notice of dispute and Defendant complied with its notification requirements.  (*See generally* D.E. 16-1.)  The crux of Defendant's argument centers on whether Plaintiff's Complaint adequately alleges that the "Pay Status" field on a consumer credit report may mislead creditors into assuming Plaintiff was or is delinquent on a car loan and may fail to reflect that Plaintiff fully paid the account balance at closure. *Id.*  This Court must consider whether Plaintiff has adequately pleaded her contention that the derogatory reporting in the Pay Status field is misleading and may suggest to creditors—and credit algorithms—that the account remains delinquent in perpetuity despite Plaintiff's full repayment of the account balance, and, furthermore, that Defendant's failure to ameliorate that misleading perception violates the FCRA.  For Plaintiff's claim to survive, this

Court, accepting Plaintiff's factual allegations as true and construing the Complaint in the light most favorable to Plaintiff, must find that a reasonable reading of the Complaint reveals that Plaintiff may be entitled to relief. *See Phillips*, 515 F.3d at 231.

While Defendant's argument that several courts have rejected and dismissed similar claims is generally pertinent, Plaintiff's counterargument that the cases Defendant cited are factually distinguishable from the matter at hand is meritorious. Various courts have construed similar claims quite differently. In fact, in *Egues v. Nelnet*, this Court considered a somewhat similar FCRA claim and arrived at a different result due to distinguishing facts. No. 21-802, 2021 WL 3486904 (D.N.J. Aug. 9, 2021). In *Egues*, the plaintiff's delinquent student loan was transferred to another company. *Id.* at *1. The plaintiff's credit report reflected that the account was transferred and closed, had a $0 balance as of the last verification date, and had a "Payment Status" of 120 days late. *Id.* The plaintiff did "not allege that he paid off his debt prior to the Loan being transferred, nor d[id] he dispute that he was delinquent in his payments prior to the transfer." *Id.* In the plaintiff's Complaint, he argued that the payment status inaccurately reflected the account's current payment status and that the defendant had failed to conduct a reasonable investigation. *Id.* The defendant moved to dismiss. *Id.* This Court granted the defendant's motion after finding that, when viewing the payment status in light of the credit report as a whole, the payment status did not include the term "current," and the information clearly reflected a historical record of the account; thus, the information the defendant furnished was not inaccurate. *Id.* at *3 ("[W]hen read as a whole, it is clear that the information *Nelnet* provided is historical and regards Plaintiff's accounts . . . when they were closed/transferred to another servicer.").

The Court's decision in *Egues* was in line with other similar dismissals involving credit reporting on delinquent loan accounts that had been transferred to other creditors. *See, e.g. Bibbs*,

8

521 F. Supp. 3d at 574–80 (finding a credit report was not misleading when it reflected that a creditor transferred the plaintiff's overdue student loan debt on the date reported, closed the account, and reported it as 120 days past due); *Smith, Kauffman, Bennet v. Trans Union LLC*, No. 20-4233, No. 21-83, No. 21-421, 2021 WL 4818267 (E.D. Pa. Oct. 14, 2021) (collecting cases); *Patterson v. Sterling Jewelers Inc.*, No. 21-2138, 2021 WL 4592158 (E.D. Pa. Oct. 6, 2021).

Courts, however, have distinguished FCRA claims in which a plaintiff's delinquent account was closed and the remaining balance transferred to another lender from FCRA claims in which a plaintiff paid off the balance of an account in full at closure. In *Smith v. Trans Union, LLC*, the plaintiff was 60 days late on an auto loan with Wells Fargo Bank when he paid off the loan balance "to the penny" and closed the account. No. 20-4903, 2021 WL 1061213, at *1, 3 (E.D. Pa. Mar. 19, 2021). After the account was closed, "Trans Union continued to report [the p]laintiff's Wells Fargo account as 'Pay Status: Account 60 Days Past Due Date.'" *Id.* (internal citation omitted). The plaintiff disputed the reporting of the account as late, the defendant maintained that it was accurate, and the plaintiff filed an FCRA claim in which he alleged that the defendant failed to conduct a reasonable investigation and put forth misleading information on the credit report at issue. *Id.* The defendant moved for Judgment on the Pleadings and cited multiple dismissed cases in which delinquent debt was transferred and the credit reports indicated similar language as the report in question. *Id.* In its assessment, the Court considered whether the information was inaccurate or misleading from a prospective creditor's perspective and found that cases in which a plaintiff fails to pay a debt, the debt is transferred to another lender, and the report indicates a delinquent status in perpetuity are distinguishable from cases in which a plaintiff pays the debt in full—even if the account had been delinquent prior to full payment. *Id.* at 2–3. The Court reasoned that the pay status showing a late payment notation "would lead one to believe the

9

account was past due and continued to be past due, or not fully paid, when the balance was zeroed out when it was closed.  This is clearly a black mark on the credit report of an individual seeking credit." *Id.*  Further, the Court noted that "the phrase '60 Days Past Due' could mislead a creditor to believe the account was never paid off because that is what the plaintiffs' credit reports said in [the d]efendant's cited cases, and indeed the account balances had never been paid in full." *Id.* The Court ultimately found that it could not determine as a matter of law whether the report is accurate and not misleading or inaccurate and misleading, and that a jury must determine whether, under the circumstances, the credit report's information that is technically correct may still be materially misleading. *Id.*

Some courts have declined to dismiss similar complaints based either on the rationale in *Smith* or based on having adequate information to proceed, but inadequate information to determine if the claim should be dismissed as a matter of law; other courts have rejected any such nuance and dismissed similar claims. *Compare Barrow v. Trans Union, LLC*, No. 20-3628, 2021 WL 1424681, at *5–6 n.5 (E.D. Pa.  April 13, 2021) (finding Judgment on the Pleadings inappropriate when a plaintiff paid an account balance to zero, but the payment status continued to reflect late payment, because "several different, plausible meanings . . . may be ascribed to these remarks from the perspectives of a typical, reasonable reader and a typical, reasonable creditor," and "it is more prudent to allow the parties to adduce some evidentiary support for their respective positions"), *and Gatanas v. Am. Honda Fin. Corp.*, 2020 WL 7137854, at *1, *7 (D.N.J. Dec. 7, 2020) (denying Judgment on the Pleadings after determining that the Complaint had adequate pleadings, but the Court did not have adequate information to deem a credit report accurate as a matter of law when the plaintiff paid an auto loan account to zero and closed the account, but the pay status reflected late payment), *with Holland v. Trans Union LLC*, No. 21-152, 2021 WL

5804375, at *4–5 (E.D. Pa. Dec.7, 2021( (rejecting the rationale elucidated in *Smith* and finding that a reasonable creditor would read a credit report as a whole and find that a plaintiff is not delinquent—even when the plaintiff has paid the account to zero, thus pay status information indicating the plaintiff is late is not misleading), *and Ostrander v. Trans Union LLC*, No. 20-5227, 2021 WL 3271168, at *6–9 (E.D. Pa. July 30, 2021) (granting Judgment on the Pleadings for a claim similar to that in *Smith*, but distinguishing it because the credit report indicated the date the delinquency occurred, thus as a whole the report could not mislead a creditor). *Cf. Patterson*, 2021 WL 4592158, at *3 (noting "that cases like *Bibbs* and the instant case, where the Plaintiff does not allege that he paid off the debt before the account was zeroed out, are distinguishable" from cases like *Smith* where a plaintiff paid off the balance when the account was closed); *Salvador v. Fedloan Servicing*, No. 20-20568, 2021 WL 5422292, at *5 (D.N.J. Oct. 28, 2021) (distinguishing cases in which "the parties did not attach the operative reporting for the courts to review when evaluating the motions to dismiss," and noting that absent such evidence, courts should construe the allegations in the plaintiffs' favor).

Here, Plaintiff's claim, factually, is akin to those in *Smith*, *Gatanas*, and *Barrow*. Plaintiff alleges, and Defendant does not dispute, that the account was paid to the penny and was not transferred while in delinquency. In *Egues*, the plaintiff did "not allege that he paid off his debt prior to the Loan being transferred, nor d[id] he dispute that he was delinquent in his payments prior to the transfer." WL 3486904, at *1. That distinction may or may not make a difference when considering whether a reasonable creditor would misconstrue Plaintiff's credit worthiness because—depending on how the account appears on the report as a whole—a reasonable creditor may or may not discern that the account was paid in full by the borrower. This Court cannot determine at this early stage that a reasonable creditor would or would not discern that important

11

information; that determination may become apparent with the review of additional evidence, or it may not, which could make it a factual issue for a jury.

Moreover, in *Egues*, the plaintiff submitted evidence of the credit reporting with the Complaint. WL 3486904, at *1–3. This Court considered the credit report as a whole and found that a reasonable creditor would understand that the plaintiff had a delinquent debt that was transferred to another lender, and that the account in question had a zero balance but was historically delinquent. *Id.* This Court specifically noted that it was "clear that the information *Nelnet* provided is historical and regards Plaintiff's accounts . . . when they were closed/transferred to another servicer." *Id.* at *3.

Unlike the Complaint in *Egues*, here, the Complaint did not include evidence of the credit reporting. As noted in *Salvador,* "absent such evidence, courts should construe the allegations in the plaintiffs' favor." 2021 WL 5422292, at *5. This Court cannot definitively say whether Plaintiff's claim is accurate or inaccurate based on the whole report if it does not have the report, nor can it dismiss Plaintiff's plausible claims as inaccurate. Rule 12(b)(6) requires that this Court consider the factual allegations in a light most favorable to Plaintiff and construe the factual allegations as true. The Court must also determine whether "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). With those requirements at the forefront, this Court finds that the facts as pleaded by Plaintiff may reasonably support relief and, as the Court stated in *Barrow*, "it is more prudent to allow the parties to adduce some evidentiary support for their respective positions." No. 20-3628, at *5 n.5. Therefore, dismissal is not appropriate.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**. An appropriate order follows.

_/s/ Susan D. Wigenton_
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk
cc:        Michael A. Hammer, U.S.M.J.
           Parties